UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Errol Gabriel DeBoulay,                              Case No.: 16-73056-ast
dba Rapid Results Inc.,                              Chapter 7

                            Debtor.
-------------------------------------------------------X

## ORDER DISMISSING CHAPTER 7 CASE WITH PREJUDICE

*Background*

On September 18, 2013, Errol Gabriel DeBoulay, (the "Debtor"), acting *pro se*, filed a petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). Debtor's case was assigned case number 8-13-74805-ast. On November 5, 2013, the Court entered an Order dismissing Debtor's case for his failure to comply with his statutorily mandated duties as a chapter 13 debtor. [13-74805; dkt items 11, 12]

On February 18, 2014, Debtor, acting *pro se*, filed a petition for relief under chapter 13 of the Bankruptcy Code. Debtor's case was assigned case number 8-14-70589-ast. On April 7, 2014, the Court entered an Order dismissing Debtor's case for his failure to comply with his statutorily mandated duties as a chapter 13 debtor. [14-70589; dkt items 11, 12]

On February 19, 2015, Debtor, acting *pro se*, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Debtor's case was assigned case number 8-15-70654-ast. On April 7, 2015, the Court entered an Order dismissing Debtor's case for his failure to comply with his statutorily mandated duties as a chapter 7 debtor. [15-70654; dkt items 11, 12]

On July 8, 2016, Rapid Results Systems dba Rapid Results Tutoring ("Rapid Results"), acting *pro se*, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Rapid Results' chapter 11 case was assigned case number 8-16-73057-ast. In Rapid Results'

petition, as well as in various documents filed with the Court, Debtor signs his name as Chief Executive Officer on behalf of Rapid Results. [16-73057; dkt items 1, 5, 18, 22] On August 12, 2016, the Court entered an Order dismissing Rapid Results' chapter 11 case pursuant to 11 U.S.C. § 1112(b) for Rapid Results' failure as a corporation to obtain counsel. [16-73057; dkt item 24] *See Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006).

On the same day Rapid Results filed its chapter 11 case, July 8, 2016, Debtor, acting *pro se*, filed the above-captioned case under chapter 13 of the Bankruptcy Code. In Debtor's petition, pursuant to Local Bankruptcy Rule 1073-2(b), he certified that no related case is pending or has been pending at any time ("Debtor's Rule 1073-2(b) Statement"). On August 12, 2016, the Court provided Debtor with a Final Notice of Section 521 Deficiencies, in which the Court informed Debtor that pursuant to 11 U.S.C. § 521(i)(1), Debtor was required to file certain deficient documents within 45 days from the filing of the petition. [dkt item 17][1]

On August 29, 2016, Debtor, represented by Raymond Ragues ("Debtor's Counsel"), filed a motion to convert the above-captioned case from chapter 13 to chapter 7 (the "Motion to Convert"). [dkt item 20] On October 4, 2016, the Court held a hearing and granted the Motion to Convert. On October 11, 2016, the Court entered an Order granting the Motion to Convert. [dkt item 32] R. Kenneth Barnard is the Chapter 7 Trustee of Debtor's bankruptcy estate (the "Trustee").

On December 7, 2016, Thomas Humphrey ("Movant"), filed a motion to prohibit Debtor from filing further bankruptcies (the "Motion") [dkt item 39], in which Movant argues Debtor is committing a scheme, whereby he borrows money from people who believe they are investing in

---

[1] On September 1, 2016, instead of filing the deficient documents in the above-captioned case, Debtor filed the deficient documents along with a new bankruptcy petition under chapter 13 of the Bankruptcy Code, commencing case no. 16-74030 (the "Duplicate Case"). On October 18, 2016, the Court dismissed the Duplicate Case for reasons unrelated to this matter. [16-74030; dkt item 9]

a business to educate children and after receiving an investment, Debtor files bankruptcy. A hearing on the Motion was scheduled for January 10, 2017.

On January 10, 2017, the Court adjourned the hearing on the Motion to February 14, 2017 at 10:00 am.

On January 19, 2017, the Court entered an Order discharging Debtor. [dkt item 42]

On February 14, 2017, the Court held an adjourned hearing on the Motion (the "February Hearing"). Neither Debtor nor Movant appeared at the February Hearing and the Court denied the Motion.

On February 14, 2017, Movant filed a letter stating that he was late to the February Hearing, objecting to the Court entering an Order denying the Motion, and requesting another hearing on the Motion (the "Letter"). [dkt item 44] Additionally, Movant alleges Debtor has improperly taken $822,000 from people and has improperly used social security numbers.

On March 10, 2017, the Court entered an Order that the Letter would be treated as a Motion to Reconsider and scheduled a hearing for April 18, 2017. [dkt item 45]

On April 18, 2017, the Court held a hearing on the Motion to Reconsider (the "April Hearing"). Movant and Debtor appeared at the April Hearing. Debtor's Counsel failed to appear at the April Hearing, and Debtor requested the ability to have his Counsel present. On May 4, 2017, the Court entered an Order scheduling an adjourned hearing on the Motion to Reconsider for May 25, 2017. [dkt item 47]

On May 24, 2017, Debtor filed an objection to the Motion to Reconsider (the "Objection"). [dkt item 49] Among other things, Debtor asserts that his income was not sufficient to fund a reasonable chapter 13 plan, which led him to file the Motion to Convert. Additionally, Debtor asserts Movant does not have a right to prohibit him from filing further

bankruptcies.

On May 25, 2017, the Court held an adjourned hearing on the Motion to Reconsider (the "May Hearing"). Debtor and Debtor's Counsel appeared and Movant and several parties in support of the Motion to Reconsider appeared. At the May Hearing, Movant represented that he had referred the case to the Trustee and the Office of the United States Trustee. Debtor's Counsel represented that he was not aware of any of Debtor's prior bankruptcy filings.

The Court found that Debtor failed to disclose his prior bankruptcy filings in his Rule 1073-2(b) Statement. The Court issued an oral ruling dismissing the above-captioned case with prejudice for 180 days due to Debtor's failure to disclose his prior bankruptcy filings in his Rule 1073-2(b) Statement, but allowing Debtor to file a motion to avoid certain liens within 30 days.

*Analysis*

Rule 1073-2 of the Eastern District of New York Local Bankruptcy Rules provides that a petition commencing a case shall be accompanied by form USBC-2 entitled "E.D.N.Y. LBR 1073-2 Statement," which shall be executed by the debtor under penalty of perjury and shall disclose, to the petitioner's best knowledge, information, and belief, among other things, whether any Related Case is pending or has been pending at any time. Under Local Rule 1073-2, a case is a Related Case if the "earlier case was pending at any time within 8 years before the filing of the current petition, and the debtors in such cases: (i) are the same;…"

The failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor to appropriate sanctions, including without limitation, the dismissal of the case with prejudice.

Additionally, this Court has the authority to dismiss Debtor's bankruptcy case with prejudice to refiling. 11 U.S.C. § 349(a). Section 349(a) of the Bankruptcy Code provides that

"[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not ... prejudice the debtor with regard to the filing of a subsequent petition under this title…" *In re Montalvo,* 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009).  Whether to dismiss a case with prejudice is committed to the sound discretion of the court.  *See generally In re Ventura*, 375 B.R. 103 (Bankr. E.D.N.Y. 2007); *Montalvo*, 416 B.R. at 388.

Here, the existence of Debtor's multiple prior filings, along with Debtor's failure to disclose his prior bankruptcy filings in his most recent Rule 1073-2(b) Statement, are sanctionable under E.D.N.Y. LBR 1073-2 by dismissal of the case with prejudice; and constitute cause to dismiss the case with prejudice pursuant to § 349(a) for a period of 180 days.

Accordingly, it is hereby

**ORDERED**, that Debtor's above-captioned case is dismissed with prejudice for 180 days from **June 26, 2017**; and it is further

**ORDERED**, that Debtor is prohibited and enjoined from the filing of a subsequent petition under the Bankruptcy Code for a period of 180 days from **June 26, 2017**; and it is further

**ORDERED**, that the Clerk of Court shall serve this Order upon Debtor, Debtor's Counsel, the Chapter 7 Trustee, the Office of the United States Trustee, and upon Movant at the following address:

Thomas Humphrey
105 Williams Avenue
Amityville, NY
11701-1837



**Dated: June 27, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**